UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

ILENE BLUM on behalf of herself and
all others similarly situated,

                    Plaintiff,

      -against-

PROFESSIONAL CLAIMS BUREAU, INC.

                  Defendant.

------------------------------------------------------------

FILED
CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 10 2010   ★

LONG ISLAND OFFICE

CV - 10 2138

**CLASS ACTION COMPLAINT**

HURLEY, J.

### *Introduction*

1.     Plaintiff seeks redress for the illegal practices of Professional Claims Bureau, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

ORENSTEIN, M.

### *Parties*

2.     Plaintiff is a citizen of the State of New York.

3.     Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Hospital for Special Surgery.

4.     Upon information and belief, Professional Claims Bureau, Inc. is a New York corporation which maintains an office for collection of debts at 274 Duffy Avenue, Hicksville, Nassau County, New York.

5.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.     This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### Allegations Particular to Ilene Blum

9.     On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10.     On or about August 15, 2009 defendant sent the plaintiff a collection letter regarding the within debt at issue which was claimed to be $387.82.

11.     Said letter states in pertinent part as follows: "DO NOT CONTINUE TO LEAVE THIS DEBT UNRESOLVED. Your continued non-payment on the above referenced account has prevented us from helping you to clear this account from our records. Please be advised that this debt will not disappear without your payment."

12.     Upon information and belief, the said purported debt will disappear.

13.     Upon information and belief, the defendant does not intend to engage in any efforts to cause the debt to not disappear.

14.     Upon information and belief, the defendant does not intend to cause a suit to be filed concerning the debt against the plaintiff.

15.     Upon information and belief, the defendant does not report nor intend to report

the debt to the credit bureaus.

16.     Upon information and belief, the defendant did not have any authority from Hospital for Special Surgery to take any actions to cause the debt to not disappear.

17.     The said August 15, 2009 letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(5) and 1692e(10) for engaging in a deceptive practice and threatening to take action which was not intended to be taken and threatening to take action for which the defendant did not have authority.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

18.     Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-17 as if set forth fully in this Cause of Action.

19.     This cause of action is brought on behalf of plaintiff and the members of a class.

20.     The Class consists of consumers who received the same form letter, as did the plaintiff.

21.     The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about August 15, 2009 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Hospital for Special Surgery; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. § 1692e(5) and 1692e(10).

3

22.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

23.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

24. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

25. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

26. The defendant's actions as set forth above violate the Fair Debt Collection Practices Act.

27. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 5, 2010

5

Adam J. Fishbein (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

6

*Law Offices of*

# PROFESSIONAL CLAIMS BUREAU, INC.

Tel: (516) 681-1122  (914) 668-1222
Fax: (516) 681-1265
M-F 8:30AM-5PM ~ WWW.PAYPCB.COM
NYC Dept of Consumer Affairs License # 0811196
*"Se Habla Español"*

P.O. Box 9060
Hicksville, NY 11802-9060

21 23 6156
633810

Return Service Requested
Personal & Confidential



August 15, 2009

0005490942
ILENE BLUM
1 BERESFORD LN
LIVINGSTON, NJ 07039-6228

| Re ► | Hospital For Special Surgery |
|---|---|
| Patient ► | ILENE BLUM |
| Account No. ► | 901211022 |
| Admit Date ► | 01/24/09 |
| Balance Due ► | $387.82 |

Your continued non-payment on the above referenced account has prevented us from helping you to clear this account from our records.

Please be advised that this debt will not disappear without your payment.

Do not delay payment on this seriously delinquent account any longer:

MRI BAL
for Knee

➤ Call our offices to resolve this account with one of our collectors
➤ Resolve your bill on our website www.paypcb.com
➤ Mail your check, money order or credit card information along with the payment stub below to close out this account.

It is our hope that you choose to close out this account in a timely manner.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.  This communication is from a debt collection agency.

Patients with limited or no insurance coverage may be eligible for Hospital for Special Surgery's Financial Assistance Program.  For further information, please call (212) 606-1505.



Professional Claims Bureau, Inc.
*"Debt Collectors Since 1964"*

ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals

▼ DETACH AND RETURN BOTTOM PORTION WITH PAYMENT ▼

0005490942
ILENE BLUM
1 BERESFORD LN
LIVINGSTON, NJ 07039-6228

| | 0005490942 |
|---|---|
| Re ► | Hospital For Special Surgery |
| Client Ref ► | 901211022 |
| Due ► | $387.82 |

| CARD NUMBER | EXP. DATE |
|---|---|
| SIGNATURE | |
| NAME ON CARD | AMOUNT |

Professional Claims Bureau, Inc.
P.O. Box 9060
Hicksville, NY 11802-9060